IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 17-cr-00661-PWG-1** |
| **v.** | * | |
| | * | |
| | * | |
| **ALDRIN FOMUKONG** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| ************ | | |

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on the defendant's Motion for Appropriate Relief (the "Motion") (ECF No. 232), his Memorandum in Support of Motion for Appropriate Relief (the "Memorandum") (ECF No. 233), and the government's Response in Opposition to Defendant's Motion for Appropriate Relief (the "Response") (ECF No. 236).  The issues have been fully briefed, and no hearing is necessary.  L.R. 105.6, 207.  For the reasons stated below, the Motion is **DENIED.**

I.  PROCEDURAL HISTORY

On December 20, 2017, the Court conducted a detention hearing and ordered that the defendant be detained pending trial.  Thereafter, on May 21, 2018, the defendant entered pleas of guilty to Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349, and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h).  Sentencing is pending.  On April 24, 2020, the defendant filed his first Motion for Appropriate Relief requesting that he be released pending sentencing for reasons largely based on the COVID-19 pandemic (ECF No. 212).  By its Memorandum Opinion and Order of Court, the Court denied the defendant's first Motion for

Appropriate Relief (ECF No. 220).  The defendant has been detained since the detention hearing.  In the present Motion, the defendant again requests that he be released pending sentencing for reasons related to the COVID-19 pandemic.

## II.  STANDARD OF REVIEW

The release or detention of a defendant pending sentencing is governed by 18 U.S.C § 3143(a), which provides in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).  If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).

## III.  DETENTION HEARING

After hearing from the parties at the detention hearing, the Court reviewed the factors set forth in 18 U.S.C. § 3142(g).  Based on its review of those factors, the Court found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  The Court also found by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required.  Thus, the Court ordered that the defendant be detained pending trial.  *See* Order of Detention (ECF No. 15).  The defendant is presently housed at the Chesapeake Detention Facility ("CDF") in Baltimore.

## IV.  BAIL REFORM ACT

Pretrial detention and release are governed by the Bail Reform Act ("BRA").  18 U.S.C. §§ 3141 *et seq.*  The government is permitted to seek pretrial detention of the defendant in this

case because there is a serious risk that the defendant will flee. *Id.* § 3142(f)(2)(A). The BRA requires the Court to order the pretrial release of the person "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(c)(1)(B). If, however, the Court finds after a detention hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). "The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f). On the other hand, where risk of flight is the basis of a detention order, the government must prove by a preponderance of the evidence that no combination of conditions of release will reasonably assure the defendant's presence at future court proceedings. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (per curiam).

The Court's determination is governed by four factors:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including –

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

As stated earlier, however, the issue before the Court is not the defendant's pretrial release, but his release pending sentencing after he has been found guilty of an offense. As such, there is a presumption of detention, and the defendant must be detained unless the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c). The Court previously found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. *See* Order of Detention Pending Trial (ECF No. 15). The question then is whether any new information has come to light that persuades the Court to modify its prior ruling and now find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c). As such, the defendant's Motion is akin to a motion to reopen a pretrial detention hearing under 18 U.S.C. § 3142(f)(2).

V.  ANALYSIS

The defendant asserts that new information has come to light that weighs in favor of his release pending sentencing. He notes that he recently tested positive for COVID-19 and that there has been a significant increase in the number of detainees who have tested positive recently. He asserts that protective measures, such as mask wearing, are not being enforced at CDF. He acknowledges that he has been transferred to another facility where he is being treated,

4

but conditions at that facility are so dire that "he will almost certainly increase the viral load in his body and where he may be exposed to other strains of the virus." *See* Memorandum (ECF No. 233 ¶ 7).

Although the Court appreciates the defendant's concerns, it is not persuaded that it can now find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c). The new information offered by the defendant in support of the Motion does not make it less likely that he will flee or mitigate the danger he poses if released. Simply stated, the fact that the defendant tested positive for COVID-19 and that there has been an increase in the number of positive cases at CDF does not reduce the likelihood that he would flee or the danger he poses if released to the extent that his appearance can be reasonably assured or the danger posed by his release could be mitigated either by the conditions of release suggested by the defendant or by any other conditions.

Because the basis for the defendant's request is related to his health, the Court finds the following comments by United States District Judge Stephanie A. Gallagher in a recent case particularly instructive:

> Congress carefully prescribed the factors that a court should consider in weighing whether a particular defendant should be detained or released before trial. *See generally* 18 U.S.C. § 3142(g). None of those factors refers specifically to the health of the defendant, or to whether the conditions of incarceration threaten the defendant's well-being. Instead, Congress focused the required inquiry on the defendant's risk of nonappearance, and the danger that the defendant's release would pose to other individuals. In some circumstances, clearly, a particular defendant's medical condition could reduce that defendant's risk of flight or danger to the community, and the health condition would therefore fall within the factors appropriately considered in the context of § 3142(g). Absent those circumstances, however, a particular defendant's health conditions, and the possible risks posed to the defendant by incarceration, do not affect the § 3142(f) and (g) analysis. *See, e.g.*, *United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020) ("A defendant's concerns that he or she would face heightened COVID-19 risks if incarcerated would not typically factor into a § 3142(f) analysis,

which focuses on whether the court can fashion conditions of release that will reasonably assure the defendant is not a risk of nonappearance or a risk of harm to any others or the community.  The risk of harm *to the defendant* does not usually bear on this analysis."); *United States v. Lawton*, Crim. No. CR419-102, 2020 WL 1984897, at *1 (S.D. Ga. April 27, 2020) (same); *United States v. Whyte*, Crim. No. 3:19-cr-64-1 (VLB), 2020 WL 1911187, at *4 (D. Conn. April 8, 2020) (analyzing medical conditions under § 3142(i)); *United States v. Aguirre-Maldonado*, Crim. No. 20-cr-53 (NEB/TNL), 2020 WL 1809180, at *1 (D. Minn. April 9, 2020) ("While the Court appreciates the unprecedented nature of the COVID-19 pandemic, Defendant has offered no reason why the pandemic would reduce his risk of nonappearance or the risk that he poses to the community."); *United States v. Lee*, No. 19-cr-298 (KBJ), 2020 WL 1541049 (D.D.C. March 30, 2020) ("[T]he relevant statutory inquiry [under § 3142(g)] is *not* the benefits that a defendant's release would bring about (however significant) or the harms that his incarceration would cause (however substantial).  Rather, the statute requires the Court to evaluate "*the danger*" that "would be posed *by the person's release*.") (emphasis in original).

*United States v. Gallagher*, Criminal No. SAG-19-0479, 2020 WL 2614819, at *3 (D. Md. May 22, 2020) (alteration in original).  The defendant's health condition and the possible risks posed to the defendant by incarceration do not affect the § 3142(f) and (g) analysis.  For these reasons, the Court finds that the defendant has failed to rebut the presumption of detention and has failed to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c).

VI.  TEMPORARY RELEASE UNDER § 3142(i)

Although the defendant does not expressly seek temporary release under 18 U.S.C. § 3142(i), the Court will consider whether temporary release is appropriate.  Under 18 U.S.C. § 3142(i), the Court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."[1]

---

[1] The defendant has not argued that release, temporary or otherwise, is necessary for the preparation of his defense.

6

To determine whether the defendant has established "another compelling reason" for temporary release in the midst of the COVID-19 pandemic, the Fourth Circuit has directed the Court to

> consider in the first instance the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform Act factors, rises to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

*United States v. Creek*, No. 20-4251, Order at 1 (4th Cir. Apr. 15, 2020).

In the context of COVID-19, four factors are to be considered in determining whether a compelling reason permitting temporary release under 18 U.S.C. § 3142(i) has been established: (1) the original grounds for detention; (2) the specificity of a defendant's COVID-19 concerns; (3) the extent to which the proposed release plan is designed to mitigate or exacerbate other COVID-19 risks to the defendant; and (4) the likelihood that a defendant's release would increase the COVID-19 risks to others. *United States v. Green*, No. 1:19-cr-00539-CCB-1, 2020 WL 1873967, at *3 (D. Md. Apr. 15, 2020) (citing *United States v. Clark*, 448 F. Supp. 3d 1152, 1157 (D. Kan. 2020)). The defendant has the burden to show that circumstances warranting temporary release under § 3142(i) exist. *United States v. Sanders*, 450 F. Supp. 3d 1123, 1127 (D. Kan. 2020). "The question for the Court is whether the COVID-19 health risks to the Defendant, should he remain detained, outweigh those traditional Section 3142(g) factors *and* the COVID-19 health risk to the community that Defendant's release could occasion." *United States v. Hernandez*, No. PX-19-158-9, slip op. at 5-6 (D. Md. Apr. 29, 2020).

As discussed in detail in the Court's Memorandum Opinion and Order of Court regarding the defendant's first Motion for Appropriate Relief, the original grounds for detention weigh heavily in favor of the government. Regarding the specificity of the defendant's COVID-19

7

concerns, the medical records confirm that the defendant tested positive for COVID-19 on January 16, 2021. The records reflect that on January 13, 2021, the defendant was exposed to a COVID-19-positive detainee. As a result, the defendant was placed in quarantine and tested for COVID-19. Two days later he complained of a cough, fever, body aches and nasal congestion. He was isolated and transferred to a medical unit where he was treated and monitored. The defendant's symptoms were mild, and by January 18, 2021, his symptoms had subsided significantly. In its Response, the government points the Court's attention to the protocols and additional measures employed at CDF to limit the spread of the virus because of the recent increase in positive cases. *See* Response (ECF No. 236 at 10-15). Finally, regarding the final two *Clark* factors, the defendant has not proposed a release plan beyond generally requesting release on bail or home detention. The Court finds that, when balanced against the other Bail Reform Act factors, the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at CDF, does not rise to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

## **ORDER**

Accordingly, it is this 8th day of February 2021, hereby **ORDERED** that the defendant's Motion for Appropriate Relief (ECF No. 232) is **DENIED**.

/s/
Thomas M. DiGirolamo
United States Magistrate Judge